UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CASEY V. LAMB, | ) |
| Plaintiff, | ) |
| v. | ) 14-CV-3351 |
| S.A. GODINEZ, | ) |
| Defendant. | ) |

**MERIT REVIEW OPINION**

Plaintiff, currently incarcerated in the Greene County Work Camp, alleges that he was not permitted to use a toilet during his 12-hour bus transport from Stateville Correctional Center to the Pittsfield Work Camp on January 16, 2014. The bus allegedly stopped en route at the Lincoln Correctional Center and the Jacksonville Correctional Center, but, as far as the Court can understand, instead of being permitted to use a toilet inside those prisons, Plaintiff was required to stand outside in a line with other inmates by the bus exhaust and urinate in a five gallon bucket in front of other inmates and staff, all while restrained. Plaintiff describes the experience as demeaning and unsanitary. He alleges

that other inmates' urine in the bucket splashed on Plaintiff as Plaintiff urinated into the bucket.

Plaintiff also alleges that being required to wear handcuffs for 12 hours was "physically painful and unsafe" and being forced to stand next to the diesel exhaust of the bus for 20 minutes was unsafe. Plaintiff seeks an order requiring the IDOC to install toilets on the buses and/or to stop at "reasonable intervals at secure locations" to allow inmates to use restrooms. He also seeks compensatory damages.

28 U.S.C. § 1915A requires the Court to determine whether these allegations state a plausible federal claim. They do not, even accepting the truth of Plaintiff's allegations and liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Inmate are entitled to humane conditions—the "minimal civilized measure of life's necessities[,]" which includes "adequate food, clothing, shelter, and medical care" and "'reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)(other cites omitted). Basic human needs also include adequate "facilities to wash and use the toilet"

and adequate sanitation. *Jaros v. IDOC*, 684 F.3d 667, 671 (7th Cir. 2012); *Townsend v. Fuchs*, 522 F.3d 765 (7th Cir. 2008).

In order to state an Eighth Amendment claim for inhumane conditions, the conditions must be "objectively, sufficiently serious" and the defendant must have been deliberately indifferent to those conditions. *Farmer*, 511 U.S. at 833. Whether a condition is objectively serious depends on the totality of conditions, including the severity and duration of the deprivation, as compared to contemporary standards of decency. *See Delaney v. DeTella*, 256 F.3d 679, 683-84 (7th Cir. 2001).

Plaintiff's deprivation—the lack of a private or semi-private toilet—was temporary, lasting only ½ of one day. Plaintiff was not forced to defecate or urinate on himself—he was given an opportunity to urinate into a bucket, though the Court understands that this was unpleasant. In the Court's opinion, though, the lack of a private or semi-private toilet for this short period of time simply does not rise to the kind of extreme deprivation required to state an Eighth Amendment claim. *Compare Wine v. Wisconsin Dept. of Corrections*, 2000 WL 34229818 (W.D. Wis. 2000)(not published in Federal Reporter)(prisoners stated claim where several inmates

suffered hypothermia and frostbite on bus trip and urine and feces from toilet overflowed onto the floor where the prisoners sat) *with Cunningham v. Eyman*, 17 Fed.Appx. 449 (7th Cir. 2001)(not published in Federal Reporter)(affirming dismissal of prisoner's claim that he spent 16 hours shackled in cell and four to five hours in soiled clothing after he urinated and defecated on himself); *Tyree v. Brooks*, 2009 WL 2232455 (W.D. Va. 2009)(not published in reporter)(no claim stated where prisoners forced to urinate on bus floor during six hour trip, where security needs precluded stopping); *Anderson-Bey v. District of Columbia*, 466 F.Supp.2d 51 (D.C. 2006)(denial of bathroom breaks on 10-15 hour transport of prisoners likely did not amount to cruel and unusual punishment). In short, providing a group bucket to urinate in during the trip may have been uncomfortable and embarrassing but did not rise to the level of cruel and unusual punishment under the Eighth Amendment.[1]

The same conclusion is reached on Plaintiff's conclusory allegations that twelve hours in handcuffs was "painful" and that

---

[1] The Court also notes for Plaintiff's benefit that, even if he did state a federal claim he could not recover damages for emotional suffering because he was incarcerated when he filed this complaint. 42 U.S.C. §1997e(e) (prisoner cannot recover compensatory damages for emotional harm without a showing of physical injury).

exposure to diesel fumes while standing outside by the bus was "dangerous." Unnecessarily tight handcuffs which cause the wanton infliction of pain or injury can violate the Eighth Amendment, but no plausible inference arises of such an extreme deprivation from Plaintiff's allegations. *See Thielman v. Leean*, 282 F.3d 478, 484 (7th Cir. 2002)( use of a waist belt and leg chains in transporting sexually violent detainees was not an "atypical and significant" deprivation). Nor does a plausible inference arise that standing outside next to a bus exhaust for twenty minutes presents a substantial risk of serious harm. *Christopher v. Buss*, 384 F.3d 897, 882 (7th Cir. 2004)("An 'objectively "sufficiently serious"' risk, . . . is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency)(citations omitted).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. However, Plaintiff may file an amended complaint by January 16, 2015, if he believes that he can set forth factual allegations that will

state a claim under the legal standard set forth above.  If no amended complaint is filed, then this case will be dismissed, without prejudice, for failure to state a claim.  Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety.  The amended complaint must contain all allegations against all Defendants.

2) Plaintiff's motion for the Court to attempt to find pro bono counsel is denied (5).  Plaintiff appears competent to proceed pro se in light of the simple nature of his claims.  *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).  Plaintiff has personal knowledge of the conditions he experienced and his pleadings demonstrate an adequate ability to convey that experience.

ENTERED:  December 30, 2014.

FOR THE COURT:

                  **s/Michael Mihm**
                MICHAEL M. MIHM
           UNITED STATES DISTRICT JUDGE